MABEL J. SCHMIDT *vs.* HARTMAN F. SCHMIDT.

Middlesex.    February 3, 1932. — September 13, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Probate Court,* Jurisdiction, Separate maintenance, Decree. *Constitutional Law,* Due process of law.

In a probate court, a wife brought a petition under G. L. c. 209, § 32, as amended by St. 1921, c. 56, against her husband, in which she alleged herself to be of a city in this Commonwealth and her husband to be of a city in Connecticut, averred that she was living apart from him for justifiable cause and sought custody of minor children of the parties and suitable support for them and for herself. A citation, issued upon the petition, was served by mailing and receipt of a copy by the respondent. There was no attachment of property of the respondent. After a hearing upon the petition, at which the respondent appeared specially to contest jurisdiction, a decree was entered, adjudging that the petitioner was living apart from the respondent for justifiable cause, awarding to her custody of the children, ordering the respondent to pay to her a certain sum monthly for support of herself and the minor children and that "he continue to provide a home for his said wife and his said minor children at . . . [a designated residence in the city in this Commonwealth] until the further order" of the court. Upon appeal by the respondent, still appearing specially, there was no report of evidence or of facts found by the judge of probate. *Held,* that

(1) It appearing from the decree that the children were actually living in this Commonwealth, the court had jurisdiction so far as it concerned custody of the children;

(2) The court had jurisdiction over the relation of the petitioner to the status of her marriage with the respondent so far as necessary to protect her as a resident of this Commonwealth;

(3) The respondent not having been served with process in this Commonwealth and no attachment of his property having been made, the court had no jurisdiction to order payments of money by the respondent, nor to order him to provide a home for the petitioner and the children; that part of the opinion to the contrary in *Blackington* v. *Blackington,* 141 Mass. 432, cannot longer be regarded as stating the law.

(4) The decree was reversed only so far as it related to such payments of money and the providing of a home.

PETITION, filed in the Probate Court for the county of Middlesex on July 2, 1931, and described in the opinion.

A motion to dismiss, and the petition on its merits were

heard by *Harris*, J. The motion was denied and the decree described in the opinion was entered by order of the judge. The respondent appealed from the order denying the motion and from the decree.

The case was argued at the bar in February, 1932, before *Rugg*, C.J., *Crosby*, *Sanderson*, & *Field*, JJ., and after the death of *Sanderson*, J., was submitted on briefs also to *Pierce*, *Donahue*, & *Lummus*, JJ.

*R. Wait*, for the respondent.

*J. H. Gilbride*, for the petitioner.

RUGG, C.J. This petition brought by the wife, described as of Lowell in this Commonwealth, against her husband, described as of Unionville, Connecticut, alleges that her husband fails without just cause to furnish her suitable support and has deserted her, and that she is living apart from him for justifiable cause. Its prayers are for custody of minor children of the parties and for suitable support of the children and the wife. Service of the petition was made by mailing a copy of the citation by registered mail to the respondent, as evidenced by affidavit in due form and by return registry receipt signed by the respondent. The respondent admits in his brief that he received a copy of the citation by mail. It does not appear that any other service has been made upon the respondent or that there has been attachment of his property. The respondent appeared specially and filed a motion to dismiss the petition for want of jurisdiction. The motion was denied and the respondent appealed. After hearing upon the petition, a decree was entered that the petitioner for justifiable cause is actually living apart from her husband and awarding custody of the minor children to the petitioner and ordering the respondent to pay to the petitioner toward the support of herself and the minor children specified sums and $100 on the first day of every month, and that "he continue to provide a home for his said wife and his said minor children at number 68 Oakland Street in said Lowell until the further order" of the court, with provision that the respondent shall have opportunity to see and be with his children at reasonable times and places. The respondent, continuing

his special appearance, appealed from this decree on the ground of want of jurisdiction over him and his children. There was no request for a finding of material facts by the trial judge and no finding was made. The record consists simply of the petition, the order of notice and return of service, the motion to dismiss and order denying same, the decree, and the appeals of the respondent.

The petition is brought under G. L. c. 209, § 32, as amended by St. 1921, c. 56. So far as here relevant, its provisions are: "If a husband fails, without justifiable cause, to provide suitable support for his wife, or deserts her, or if the wife, for justifiable cause, is actually living apart from her husband . . . the probate court may . . . upon the application of the . . . wife . . . . make . . . orders relative to the support of the wife and the care, custody and maintenance of their minor children, may determine with which of their parents the children . . . shall remain and may, from time to time . . . revise and alter such order or make a new order or decree . . . ."

The respondent by his motion to dismiss challenged the jurisdiction of the court to entertain the petition. He has not argued that point before this court. It is plain that the court had jurisdiction over the petition, at least so far as concerned custody of the minor children and direction for their personal treatment. Probate courts have general jurisdiction over subjects committed to them by statute and therefore it must be assumed, in the absence of anything to the contrary in the record, that all jurisdictional facts were proved. *Farnsworth* v. *Goebel*, 240 Mass. 18. The decree of the court was a final adjudication of all matters set forth in the petition. *Harrington* v. *Harrington*, 189 Mass. 281. The final order of the decree to the effect that the respondent shall "continue to provide a home" for his wife and children at a specified number on a named street in Lowell of itself imports that their residence, if not also their domicil, was within the Commonwealth. Probate courts have jurisdiction over children actually living within the Commonwealth and needing the supervisory care of a court of domestic relations. G. L.

c. 209, § 37. *Stearns* v. *Allen,* 183 Mass. 404. *Clark* v. *Clark,* 191 Mass. 128. *Martin* v. *Gardner,* 240 Mass. 350. *Gallup* v. *Gallup,* 271 Mass. 252, 257. *Hersey* v. *Hersey,* 271 Mass. 545, 552. *Wakefield* v. *Ives,* 35 Iowa, 238. *Kenner* v. *Kenner,* 139 Tenn. 211, 221–223, 700. In these circumstances the presumption from the record as a whole, including the decree, is that the domicil of the petitioner was found to be within the Commonwealth. This principle was recognized in *Glass* v. *Glass,* 260 Mass. 562, 565, although the facts in that case required a different result. The court doubtless had jurisdiction, also, over the relation of the petitioner to the status of her marriage with the respondent so far as necessary to protect her as a resident of this Commonwealth. G. L. c. 209, § 30. See *Perkins* v. *Perkins,* 225 Mass. 82; *Friedrich* v. *Friedrich,* 230 Mass. 59. *Haddock* v. *Haddock,* 201 U. S. 562, 579. The motion to dismiss, therefore, was denied rightly.

Arguments of counsel have been addressed exclusively to the question whether the portion of the decree was valid wherein the respondent, a nonresident of the Commonwealth, not served with process within the Commonwealth and having appeared not generally but only specially to protect his rights, was ordered to make money payments to the petitioner. This part of the decree is directed against the respondent personally. It is designed to enforce the legal duty of the husband to provide for the support of his wife and children. A decree upon a petition for separate support under the governing statute in this particular stands upon the same footing as a decree for the payment of alimony. In each instance the object of the decree is to enforce a financial obligation of the husband founded on a breach of his duties arising from the marriage. This part of the decree is founded on the status of marriage. It is designed to afford relief to the wife by a mandate of the court operating on a delinquent husband. This is the nature of alimony. *Rollins* v. *Gould,* 244 Mass. 270. *McSherry* v. *McSherry,* 113 Md. 395, 400. It is equally the nature of an order for separate support. *Bucknam* v. *Bucknam,* 176 Mass. 229.

Since the decision of *Pennoyer* v. *Neff*, 95 U. S. 714, it has been the law established under the Fourteenth Amendment to the Federal Constitution and binding on all State courts that a valid personal judgment cannot be rendered against a nonresident defendant who is not served with process within a State and who does not appear, although his property within the State may be attached and made to respond to the satisfaction of a judgment valid only as against such property. That decision was recognized in *Eliot* v. *McCormick*, 144 Mass. 10, as modifying the application and effect of our statutes and overruling adjudications of this court so far as inconsistent with its sweep. *Needham* v. *Thayer*, 147 Mass. 536. *Cheshire National Bank* v. *Jaynes*, 224 Mass. 14, 15. These three last cited of our decisions were actions at law. The principle of *Pennoyer* v. *Neff* is of broad application and does not depend upon the form of the process. In *Parker* v. *Parker*, 211 Mass. 139, a proceeding for alimony subsequent to the granting of divorce, it was said at page 141: "it is plain that the court . . . [at the time of the decree dissolving the marriage] had no jurisdiction to grant alimony because there was no personal service upon the libellee and no attachment of his property on the original libel, and he did not appear and was at that time a non-resident. No decree for alimony could be binding against the libellee on these facts. The court at that time had no jurisdiction" over him and "had no authority to enter a judgment for money against him. *Pennoyer* v. *Neff*, 95 U. S. 714. *Haddock* v. *Haddock*, 201 U. S. 562, 567. *Twining* v. *New Jersey*, 211 U. S. 78, 110." The broad principle has been said to be that "the plaintiff must sue in the Court to which the defendant is subject at the time of suit . . . which is rightly stated . . . to 'lie at the root of all international, and of most domestic, jurisprudence'" on the matter of personal judgments. *Sirdar Gurdyal Singh* v. *Rajah of Faridkote*, [1894] A. C. 670, 683. It has been generally held, where the question has arisen, that decrees for alimony in divorce proceedings against a nonresident respondent who has neither appeared nor been served with process in the

State where the decree was entered are invalid. Being personal judgments for the payment of money, they are void as violating the requirements of due process of law. They are not valid within the State where entered, else they would be enforceable under the full faith and credit clause of the Federal Constitution. The reason is that they are not of binding force where entered. See *Needham* v. *Thayer*, 147 Mass. 536; *McDonald* v. *Mabee*, 243 U. S. 90. *Rigney* v. *Rigney*, 127 N. Y. 408, 413, reversed on different ground in *Laing* v. *Rigney*, 160 U. S. 531. *Baylies* v. *Baylies*, 196 App. Div. (N. Y.) 677. *Rea* v. *Rea*, 123 Iowa, 241. *McGuinness* v. *McGuinness*, 2 Buch. 381, 386. *Bridges* v. *Bridges*, 46 R. I. 191. *Hekking* v. *Pfaff*, 91 Fed. Rep. 60. *Roberts* v. *Roberts*, 135 Minn. 397, 399. *Smith* v. *Smith*, 74 Vt. 20. *Dillon* v. *Starin*, 44 Neb. 881, 883. *Middleworth* v. *McDowell*, 49 Ind. 386. *Proctor* v. *Proctor*, 215 Ill. 275, 277. As already pointed out, this principle is equally applicable to a proceeding like the present.

The result is that the part of the decree operating as a personal judgment against the respondent (that is ordering him to pay money to the petitioner and to provide a home for his wife and children) was not warranted because the probate court had not acquired jurisdiction to that end over the respondent. The part of the decision to the contrary in *Blackington* v. *Blackington*, 141 Mass. 432, 436, concurred in by a majority of the court, can no longer be regarded as stating the law. See *Haddock* v. *Haddock*, 201 U. S. 562, 632. The other parts of the decree are not open to objection and may stand as part of a new decree.

*Decree reversed.*