FLORENCE A. DURFEE *vs.* WILLIAM DURFEE, JR.

Norfolk.    May 22, 23, 1935. — February 25, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Probate Court*, Jurisdiction, Service of citation, Findings by judge, Appeal, Support of minor children, Decree. *Jurisdiction. Constitutional Law*, Due process of law. *Domicil. Parent and Child. Marriage and Divorce*, Foreign divorce. *Words,* " Citation."

A citation from a probate court to a nonresident served upon him personally at his post office address within the Commonwealth by registered mail in accordance with G. L. (Ter. Ed.) c. 215, § 46, gave that court jurisdiction to enter a decree *in personam* against him; and such service afforded him due process of law.

On appeal from a decree of a probate court under G. L. (Ter. Ed.) c. 208, § 29, providing for the support of a minor child, with a report of the evidence but no report of material facts, a finding that the child was a resident of the Commonwealth was imported unless such finding would be plainly wrong on the evidence.

After a decree in a foreign court awarding custody of a minor child to his divorced mother, his domicil followed hers on her becoming a resident of the Commonwealth.

A decree of a probate court having jurisdiction to provide for the support of a minor child resident in the Commonwealth, under G. L. (Ter. Ed.) c. 208, § 29, is an original decree upon the present facts and should not purport to modify an earlier decree of a foreign court then having jurisdiction of the child.

PETITION, filed in the Probate Court for the county of Norfolk on October 22, 1934.

The case was heard by *McCoole*, J. The decree entered by his order was as follows, in part: "On the petition of Florence A. Durfee . . . praying that the decree nisi of divorce given to said petitioner by decree of the Superior Court, in and for the County of Providence in the State of Rhode Island dated January 8, 1932 be modified in so

far as it relates to the care, custody, education and mainte-
nance of the minor children of said petitioner and her hus-
band William Durfee, Jr. for reasons stated in said peti-
tion. . . . It is decreed that said decree nisi be modified
and that said petitioner have the custody of said minor
children . . . and that said William Durfee, Jr. pay to
said petitioner the sum of sixty-five dollars ($65.) on the
first day of each week hereafter for the care, education and
maintenance of said minor children."

*R. P. Baldwin*, for the respondent.

*J. S. O'Neill*, for the petitioner.

RUGG, C.J. This is an appeal from a decree entered in
a probate court purporting to modify a decree *nisi* of di-
vorce entered in a Rhode Island court in so far as that
divorce decree related to the care, custody, education and
maintenance of the minor children of the petitioner and her
former husband, William Durfee, Jr. (hereafter called the
respondent), and ordering the respondent to pay to the
petitioner sums of money for the care, education and main-
tenance of these minor children. The respondent contends
(1) that the Probate Court had no jurisdiction over the peti-
tion because the children were not residents of this Common-
wealth, and (2) that, as there was no personal service of
process upon him by an officer, the Probate Court was with-
out jurisdiction to enter a decree against him respecting
the payment of money.

The evidence is reported in full. No request was made
that the judge file a statement of the material facts found
by him and no such statement was filed. The evidence
would warrant a finding of these facts: The petitioner was
born in this Commonwealth and lived here until her mar-
riage. Thereafter she lived with the respondent for about
fifteen years in Fall River in this Commonwealth; then
they moved to Rhode Island. In a court of that State a
libel for divorce was filed by her against the respondent, on
which a decree absolute was entered on October 14, 1932,
dissolving the marriage on the ground of his extreme cruelty,
awarding the care and custody of the two minor children
of the marriage to the petitioner, ordering the respondent

to pay to the petitioner a sum of money and to pay the cost of the education of the children at a school in Fall River and reasonable bills for services of doctors and dentists, and providing that the respondent might visit his children and that they should spend a part of their vacations with him. The petitioner continued to live in Providence, Rhode Island, until early in October, 1934, when she removed to Plainville in this Commonwealth. In the fall of 1934 by agreement of the parents the elder daughter was at a boarding school in Andover in this Commonwealth and the younger daughter was attending the Fall River school as a day pupil, spending four nights a week at the home of the respondent a short distance away in Tiverton, Rhode Island, and the week ends with the petitioner, first in Providence and then in Plainville. The respondent lived in Tiverton and went daily to his place of business in Fall River. The fair inference from the evidence is that the purpose of the petitioner in moving to Plainville was to be nearer her daughter in Andover and to enjoy a more comfortable and commodious home than she was able to afford in Providence.

The present petition was filed in the latter part of October, 1934, reciting that the petitioner and her minor daughters were residents of this Commonwealth. Citation was issued by the Probate Court to the respondent to appear and show cause against the allowance of the petition. The petitioner, in compliance with the direction of the court, caused the citation to be delivered to the respondent by registered mail at his place of business in Fall River. Receipt signed by the respondent acknowledging delivery to him of the citation was attached to the return on the citation. The respondent entered a special appearance for the purpose of challenging the jurisdiction of the court and moved that the petition be dismissed because he was not a resident of, and process had not been served on him within, the Commonwealth. This motion was denied, after hearing, on December 19, 1934. No appeal was taken from that order. So far as shown by the record, the respondent did not further object to the jurisdiction of the court until after the decree

on the merits. Subsequent hearings were held in January, 1935, at which both parties introduced evidence bearing upon the residence of the petitioner, the financial resources of the respondent, and the fitness of each parent to have the custody of the children. On February 11, 1935, a decree was entered reciting that the petitioner was a resident of Plainville, awarding to her the custody of the two minor children, and ordering the respondent to pay to the petitioner $65 each week for the care, education and maintenance of these children. From this decree the respondent appealed. That sum was considerably in excess of the sum ordered to be paid by the decree of the Rhode Island court.

We deal first with the contention of the respondent that the Probate Court had no jurisdiction over him to enter a decree ordering the payment of money, because he was not a resident or inhabitant of the Commonwealth and was not personally served with process. No sheriff or other officer authorized to execute civil process served process upon the respondent. While personally within the Commonwealth he was given in hand by mail copy of a citation. The paper served upon him was described in its caption as a citation. It was said in *Arnold* v. *Sabin*, 1 Cush. 525, 529: "In England the term 'citation' is applied particularly to process in the spiritual courts; as the ecclesiastical courts, there, proceed by libel and citation, according to the course of the civil and canon law. In this country it has been defined 'an official call or notice to appear in court;' and as a general rule, it is issued, and served upon a particular individual, who is thereby made a party to the proceedings." "Citation" is the word commonly used in this Commonwealth in the long established probate forms and in statutes to describe the process issuing from our probate courts requiring persons to appear in proceedings in those courts. *Leavitt* v. *Leavitt*, 135 Mass. 191, 194. *State* v. *McCann*, 67 Maine, 372, 374. *State* v. *Walker*, 240 Mo. 708, 722. The citation in the case at bar was in conformity to all requirements as to its form and substance. It was in the name of the Commonwealth, bore the *teste* of the judge of the court to which it was return-

able, was signed by the register of that court, and cited the respondent to appear in court at a time certain to show cause, if he had any, against the petition.

Procedure in probate courts is governed in large part by G. L. (Ter. Ed.) c. 215. It is provided by § 46 of that chapter that, "When personal service is required of any citation issued by a probate court, the court may direct such service to be made by registered mail addressed to the party entitled thereto at his post office address. . . ." The citation to the respondent in the case at bar conformed to this section. He had a post office address in this Commonwealth. When he was within the Commonwealth at this post office address, he was within the jurisdiction of our courts for the service of process. No law of this · Commonwealth and no constitutional mandate requires further or different service of such a citation, or makes imperative service thereof by a deputy sheriff. "Ordinarily jurisdiction over a person is based on the power of the sovereign asserting it to seize that person and imprison him to await the sovereign's pleasure." *Michigan Trust Co.* v. *Ferry*, 228 U. S. 346, 353. *Ex parte Indiana Transportation Co.* 244 U. S. 456, 457. There can be no doubt that the respondent while at his place of business within the Commonwealth was liable to suit, action or other process of our courts if he was given personal notice thereof in conformity to law. The method of service of a citation like the one issued by the Probate Court in the case at bar may be established by legislation. Service by mail has been authorized with respect to small claims procedure. G. L. (Ter. Ed.) c. 218, §§ 21, 22. See Rule 3 for Small Claims Procedure, Municipal Court of the City of Boston (1932) and District Courts of the Commonwealth (1932). See also G. L. (Ter. Ed.) c. 231, § 60A. There is no reason to doubt the validity of such statutes and rules, provided they make careful provision for the protection of natural and constitutional rights. *McLaughlin* v. *Levenbaum*, 248 Mass. 170, 176. *Boston Morris Plan Co.* v. *Barrett*, 272 Mass. 487, 489. We are of opinion that every element of due process of law has been afforded

the respondent. He received written notice in hand in this Commonwealth of the proceeding against him. He was within the Commonwealth when the citation was delivered to him in person by mail. He was given every opportunity to protect his rights in the courts by a full hearing. *Duane* v. *Merchants Legal Stamp Co.* 231 Mass. 113, 125–128. *Commonwealth* v. *Gallo,* 275 Mass. 320, 327. There is nothing at variance with the conclusions here reached in *Pennoyer* v. *Neff,* 95 U. S. 714, and the numerous cases following it.

It becomes not necessary to decide whether the respondent waived his motion to dismiss by not appealing from the order denying that motion, by not then registering objection to that order, and by proceeding to the trial on the merits of the issues raised by the petition. *Stone Leather Co.* v. *Henry Boston & Sons, Ltd.* 234 Mass. 477, 479. See *Cheshire National Bank* v. *Jaynes,* 224 Mass. 14.

There was no error in the trial of the case on its merits. Although no statement of the findings of material facts was filed by the trial judge, the entry of the decree imports the finding of every fact essential to the right entry of that decree permitted by the evidence. It is for this court in a proceeding of this nature (see *Drew* v. *Drew,* 250 Mass. 41, 43) to review the evidence and decide the case on its own judgment as to facts as well as law. But under the familiar rule, where, as in the case at bar, conflicting oral testimony has been heard, the finding of the trial judge as to facts either expressly made or necessarily implied from his disposition of the case, will not be reversed unless plainly wrong. *Glazier* v. *Everett,* 224 Mass. 184. *Star Brewing Co.* v. *Flynn,* 237 Mass. 213, 216.

A careful examination of the evidence has been made. We are of opinion that it supports the facts necessarily implied from entry of the decree. It need not be recited or summarized. *Ecklund* v. *Ecklund,* 288 Mass. 517.

The statute under which this petition is brought is G. L. (Ter. Ed.) c. 208, § 29. It is in these words: "If, after a divorce has been decreed in another jurisdiction, minor children of the marriage are inhabitants or residents in this

commonwealth, the superior or probate court for the county in which said minors or any of them are inhabitants or residents, upon petition of either parent or of a next friend in behalf of the children, after notice to both parents, shall have the same power to make decrees relative to their care, custody, education and maintenance, and to revise and alter such decrees or make new decrees, as if the divorce had been decreed in this commonwealth.''

The Probate Court had jurisdiction of the subject matter of this petition provided the children were inhabitants of or residents in the Commonwealth. So far as that is a question of fact, it is implied from the entry of the decree that the trial judge reached the conclusion that they were such inhabitants or residents. Such finding of fact is adequately supported by the evidence. *Martin* v. *Gardner*, 240 Mass. 350. *Bergeron* v. *Bergeron*, 287 Mass. 524. Moreover, since the custody of the minor children had been awarded to their mother by the decree of the Rhode Island court, their domicil followed that of the petitioner when she removed to Plainville in this Commonwealth in October, 1934, and was here when this petition was filed and heard. Am. Law Inst. Restatement: Conflict of Laws, § 32. *In re Volk*, 254 Mich. 25. *Fox* v. *Hicks*, 81 Minn. 197. *Toledo Traction Co.* v. *Cameron*, 137 Fed. Rep. 48, 56–57.

The terms of G. L. (Ter. Ed.) c. 208, § 29, are not confined to decrees entered in the courts of this Commonwealth. If the courts of this Commonwealth have jurisdiction of the parties, that section confers power to adjudicate respecting the protection of minor children resident within our borders according to their present needs, even though in the courts of another State under divergent conditions and at an earlier time, a different adjudication has been made. Appropriate provision for minor children resident in this Commonwealth is a domestic problem as to which the laws of this Commonwealth are controlling. In no other way can the paramount duty of the Commonwealth to guard and promote the welfare of resident minors through the courts be performed. Broad powers

have always been exercised in this respect. It was said in *Woodworth* v. *Spring*, 4 Allen, 321, 323: "Every sovereignty exercises the right of determining the *status* or condition of persons found within its jurisdiction. The laws of a foreign state cannot be permitted to intervene to affect the personal rights or privileges even of their own citizens, while they are residing on the territory and within the jurisdiction of an independent government." *Martin* v. *Gardner*, 240 Mass. 350. *Hersey* v. *Hersey*, 271 Mass. 545, 552. *Schmidt* v. *Schmidt*, 280 Mass. 216, 218. See *Glass* v. *Glass*, 260 Mass. 562. Jurisdiction in the court in the case at bar arose from the residence within the Commonwealth of the petitioner and the two minor children and the service by mail of the citation upon the respondent while he was within the Commonwealth. It follows that the court had jurisdiction to order the payments to be made by the respondent as specified in the decree.

There is error in the form of the decree, wherein it was ordered that the decree of the Rhode Island court be modified in specified particulars. There is no jurisdiction in the courts of this Commonwealth to modify this decree of a court of another State. *Mooney* v. *Hinds*, 160 Mass. 469. *Corkum* v. *Clark*, 263 Mass. 378, 384–385. The Probate Court had ample power to adjudicate as to the custody of the minors and to order the respondent, in view of his financial resources, to pay for the support of his minor children such sums as their present needs require, and to declare in substance and effect that in these respects the decree of the Rhode Island court should be superseded. It follows that the words "said decree nisi be modified and that" should be struck from the fourth paragraph of the decree and that as thus changed it should be affirmed.

*Ordered accordingly.*