JOAN B. GREEN *vs.* WALTER W. GREEN.

Berkshire. November 10, 1966. — December 7, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Jurisdiction,* Minor child, Over the person. *Minor. Parent and Child. Probate Court,* Jurisdiction, Custody of child. *Husband and Wife,* Separate support.

The venue requirement of a proceeding in a Probate Court under G. L. c. 209, § 37, is inapplicable to a proceeding under § 32, the different venue requirement of which is set forth in § 34. [468–469]

A Massachusetts Probate Court had jurisdiction in a separate support proceeding under G. L. c. 209, § 32, in which the court had personal jurisdiction over both the husband and the wife, to make a custody decree with respect to their minor children even though the children were resident and domiciled in another State. [471]

PETITION filed in the Probate Court for the county of Berkshire on June 23, 1965.

The case was reported by *Hanlon, J.*

*Robert F. Jakubowicz* for the respondent.

No argument or brief for the petitioner.

SPALDING, J.  The question for decision arises out of a petition for separate support brought in the Probate Court under G. L. c. 209, § 32 (as amended by St. 1938, c. 136).  It was submitted on a statement of agreed facts, which was adopted by the judge as his report of material facts.  The wife is separated from her husband and resides and has her domicil in Pittsfield.  The husband now resides and is domiciled in Danville, Illinois.  Their two minor children have been in the custody of their father since the separation, which began prior to 1965.  In February, 1965, the husband was transferred by his employer to Danville, and at that time "changed his domicile and residence" from Pittsfield to Danville.  The children continued to reside in Pittsfield, living with the husband's mother in a house which the husband, together with his mother and the children, had occupied prior to his transfer.  On June 6, 1965, the children were taken to Danville by the husband's mother and now reside there with her and their father.  No prior notice of the removal was given to the wife, nor had she consented to such removal.

The petition for separate support was filed on June 23, 1965, and a citation was issued on June 23, 1965.  On September 14, 1965, the citation was served in hand on the husband in Massachusetts.  In her petition, the wife sought, among other things, an order for the "care, custody and maintenance" of the children.  Appearing specially, the husband filed a plea contesting the jurisdiction of the court. The plea is grounded on the allegation that because, at the time the petition was filed and continuously thereafter, the children were residing and domiciled with their father in Illinois, the court was without jurisdiction to make an order for their care, custody and maintenance.  The judge denied the plea but reported the question, being of the opinion that his action so affected the merits of the controversy that the matter, before further proceedings, ought to be determined by this court.  G. L. c. 215, § 13.

It is apparent from the reported facts that the children were domiciled in Danville, Illinois.  Ordinarily, "the dom-

icil of a legitimate minor child is that of the father." *Glass v. Glass,* 260 Mass. 562, 564. Restatement: Conflict of Laws, § 30. It is also apparent that, on the basis of service in hand within the Commonwealth, the Probate Court has personal jurisdiction over the father. *Taplin* v. *Atwater,* 297 Mass. 302. See *Woodworth* v. *Spring,* 4 Allen, 321, 323; *Durfee* v. *Durfee,* 293 Mass. 472, 475–477; *Gulda* v. *Second Natl. Bank,* 323 Mass. 100, 104; Restatement: Conflict of Laws, § 78. Thus the question is whether the Probate Court has jurisdiction to make an order, pursuant to G. L. c. 209, § 32, relative to the care, custody and maintenance of minor children when the parents are both subject to the court's jurisdiction but the children themselves are resident and domiciled in another State.

The husband contends that § 32 must be read in conjunction with § 37 of the same chapter.[1] Section 37 gives the Probate Courts power to make decrees for the "care, custody, education and maintenance" of minor children of separated parents, but specifically requires that the petition must be brought in the county where the "minors or any of them are residents or inhabitants." It is true that the two sections are part of the same legislative scheme providing for the children of separated parents. Indeed the sections are so closely allied that a petition brought under § 32 which fails to meet the requirements of that section may, nevertheless, be treated as a petition under § 37. *Marshall* v. *Marshall,* 236 Mass. 248. We do not agree, however, that the requirement in § 37 that the petition be brought in the "probate court for the county in which . . . [the children] . . . are residents or inhabitants" was intended to apply also to § 32. The wording indicates that the requirement is in the nature of venue, as well as jurisdiction. See *Paige* v. *Sinclair,* 237 Mass. 482, 484. Yet § 32 has its own venue

---

[1] General Laws c. 209, § 37, so far as relevant, reads: "If the parents of minor children live apart from each other, not being divorced, the probate court for the county in which said minors or any of them are residents or inhabitants . . . shall have . . . power to make decrees relative to their care, custody, education and maintenance. . . ."

requirement under § 34,[2] which is different from that of § 37. If the husband's contention were to prevail, the result would be that § 32 would have two different venue requirements. We reject this result.

The husband's second contention is that, in custody proceedings, the jurisdiction of our courts must be based upon either the domicil or residence of the children within the Commonwealth. But of the cases on which he relies, four were decided on the basis of either § 37 or G. L. c. 208, § 29, and both of these sections specifically require residence or domicil of the children. *Glass* v. *Glass,* 260 Mass. 562 (c. 208, § 29). *Durfee* v. *Durfee,* 293 Mass. 472 (c. 208, § 29). *Heard* v. *Heard,* 323 Mass. 357, 368 (c. 209, § 37). *Aufiero* v. *Aufiero,* 332 Mass. 149 (c. 208, § 29). Only one case (*Schmidt* v. *Schmidt,* 280 Mass. 216) has been cited which was decided under § 32. That case held, at pp. 218–219, that either domicil or residence of the children within the Commonwealth conferred jurisdiction upon the Probate Court to make a custody decree. But neither that case nor *Conley* v. *Conley,* 324 Mass. 530, also relied on by the husband, held that domicil and residence were exclusive prerequisites of jurisdiction.[3] Indeed, the court in the *Conley* case, in holding that there was jurisdiction based upon domicil, specifically said, "We need not consider whether the decree can be supported on other grounds." *Conley* v. *Conley, supra,* at 534. Thus none of the cited cases stands directly for the proposition for which the husband contends. Nor do we find any other case which so holds. In deciding this question, therefore, we are not bound by any precedent of this court.

The usual rule relative to jurisdiction in custody cases was that children must either be resident or domiciled within the State where the proceedings were brought. See

---

[2] General Laws c. 209, § 34 (the title of which is "Venue of petition") reads: "A petition under section thirty-two or thirty-six may be brought in the county where either of the parties lives, except that if the petitioner has left the county where the parties have lived together and the respondent still lives therein, the petition shall be brought in that county."

[3] The statute involved in the *Conley* case was G. L. c. 208, § 28.

Annotation, 4 A. L. R. 2d 7, 13–41.  Some courts and seem-
ingly most writers took the view that jurisdiction should be
based only on domicil.  See, e.g., *In re: Guardianship of
Skinner,* 230 Iowa, 1016; Restatement: Conflict of Laws,
§§ 117 and 146; Beale, Conflict of Laws, § 144.3; Goodrich,
Conflict of Laws (3d ed.) § 136.  Other courts, including
this court, held that residence, as well as domicil, was suf-
ficient to confer jurisdiction.  *Woodworth* v. *Spring,* 4 Al-
len, 321.  *Schmidt* v. *Schmidt,* 280 Mass. 216, 218–219.
*Finlay* v. *Finlay,* 240 N. Y. 429, 431.  *Richter* v. *Harmon,*
243 N. C. 373, 378.  See Restatement: Conflict of Laws,
§ 148.  A few courts went further, holding that in personam
jurisdiction over the children's parents was in itself suf-
ficient.  *Stephens* v. *Stephens,* 53 Idaho, 427.  *Anderson* v.
*Anderson,* 74 W. Va. 124.  See Annotation, 4 A. L. R. 2d 7,
30–31.

The first decision containing a full recognition and analy-
sis of these three different bases for jurisdiction was *Samp-
sell* v. *Superior Court of Los Angeles County,* 32 Cal. 2d 763
(opinion by Traynor, J.), and it is probably the leading
case in this area.  That case involved, among others, the
question whether a California court had jurisdiction to
award custody of a minor child in these circumstances:
The parents were both personally subject to the court's
jurisdiction and the child was domiciled in California but
had not been a resident of that State since the beginning of
the proceeding.  The decision, holding that California had
jurisdiction, might obviously have been based upon the nar-
row ground of domicil.  But the court seemed to base its
decision on broader grounds: "It is a sufficient basis for
jurisdiction that the state 'has a substantial interest in the
welfare of the child or in the preservation of the family unit
of which he is a part . . . .' "  *Sampsell* v. *Superior Court
of Los Angeles County, supra,* at 780.  It is not clear just
how far beyond the bases of domicil and residence the
*Sampsell* decision extends.  Subsequent to that decision
however, there has been substantial authority expressly
holding that personal jurisdiction over the parents is a suf-

ficient basis for jurisdiction in custody cases. E.g. *Burgo* v. *Burgo,* 149 F. Supp. 932, 936 (D. C. Alaska); *Weiler* v. *Weiler,* 331 S. W. 2d 165, 168–169 (Mo.); *Wilson* v. *Wilson,* 66 Nev. 405, 414–419; *Wallace* v. *Wallace,* 63 N. M. 414, 419–420; *Jackson* v. *Jackson,* 241 S. C. 1, 9–14. See Restatement 2d: Conflict of Laws (Tent. draft No. 1, May 1, 1953), § 117; Scoles, Goodrich's Conflict of Laws (4th ed.), § 136.

We are of opinion that personal jurisdiction over the parents is a sufficient basis for exercising jurisdiction in custody proceedings which arise under § 32. The presence of the parents who are competing for the children's custody often will afford the court a reasonable opportunity to decide which party should prevail. See Restatement 2d: Conflict of Laws, *supra,* § 117, comment a. Of course, the ideal situation for determining custody is when the children, as well as both parents, are in the presence of the court. Such presence of both parents and children before any one court is, however, sometimes difficult or impossible to obtain. Nevertheless, some court must make the custody determination. See *Sampsell* v. *Superior Court of Los Angeles County, supra,* at 777. The presence of both parents often will afford as reasonable an opportunity for this determination as the presence of only one parent with children (under the residence basis) or of one parent alone (under the domicil basis). And since a custody determination under § 32 arises in connection with a separate support proceeding, over which jurisdiction does not depend upon the domicil or residence of children, it may be in the interest of both the courts and the parties to settle all related litigation, if possible, in one proceeding. See *Wilson* v. *Wilson,* 66 Nev. 405, 417–419.

We hold only that the Probate Court has jurisdiction to make a custody decree. It does not follow that the judge must exercise that jurisdiction. *Sampsell* v. *Superior Court of Los Angeles County,* 32 Cal. 2d 763, 779. *Finlay* v. *Finlay,* 240 N. Y. 429, 431. Restatement 2d: Conflict of Laws (Tent. draft No. 1, May 1, 1953), § 117, comment a. See *Universal Adjustment Corp.* v. *Midland Bank, Ltd.*

281 Mass. 303, 312–318.   In determining whether to depart from the usual grounds for exercise of the jurisdiction, i.e., domicil or residence of the children, the paramount considerations are the welfare of the children and whether their interests will be effectively represented.   *Hersey* v. *Hersey*, 271 Mass. 545, 555.   The following considerations may also be important:  (1) access to the relevant evidence; (2) convenience of the forum; (3) the circumstances upon which the children's present domicil and residence are based; and (4) whether continuing supervision by a court of another jurisdiction is desirable.   See *Sampsell* v. *Superior Court of Los Angeles County, supra;* Restatement 2d: Conflict of Laws, *supra;* Ratner, Child Custody in a Federal System, 62 Mich. L. Rev. 795, 808–810.   There may be other considerations; we have enumerated those that are likely to be pertinent in most situations.

The action of the judge denying the husband's plea contesting jurisdiction is affirmed.   The judge should afford the parties reasonable opportunity to be heard as to the exercise of jurisdiction.

*So ordered.*