COLEEN BROWN *vs.* GERALD E. TOBYNE. April 14, 1980. There was no error in the judge's allowance of the defendant's motion to dismiss.

The defendant had been awarded "permanent" custody of his two children on January 3, 1980, by the Superior Court of Coos County, New Hampshire, where the children had been living with the defendant, their father, since the summer of 1978. At that time, the plaintiff, the children's mother, with whom they had formerly been living in Massachusetts, voluntarily surrendered the children to the defendant because of the onset of a "nervous breakdown." The plaintiff had taken the children to Massachusetts on December 25, 1978, for a visit with the consent of the defendant. On January 7, 1980, the plaintiff was awarded temporary custody of the children by the Probate Court for Worcester County. This order was revoked on January 14, 1980, when the defendant's motion to dismiss was allowed.

The only colorable ground among those asserted in the motion to dismiss was the lack of subject matter jurisdiction under G. L. c. 208, § 29

(as appearing in St. 1975, c. 400, § 30). See Mass.R.Dom.Rel.P. 12 (b) (1) (1975). The interposition of a motion to dismiss on this ground imposed on the plaintiff the burden of proving the facts on which the jurisdiction of the court depended. *Thomson* v. *Gaskill*, 315 U.S. 442, 446 (1942). Compare *Droukas* v. *Divers Training Academy, Inc.*, 375 Mass. 149, 151 (1978); *Nichols Associates* v. *Starr*, 4 Mass. App. Ct. 91, 93 (1976). The record is bare of any such proof.

*Judgment affirmed.*

*Mark I. Zarrow* for the plaintiff.
*Diane F. Paulson* for the defendant.