COLEEN BROWN *vs.* GERALD E. TOBYNE. July 16, 1980. Faithful to the
order of the Supreme Judicial Court (380 Mass. 941 [1980]), we have re-
considered our earlier holding in this case (9 Mass. App. Ct. 897 [1980]) in
the light of the court's decision in *Murphy* v. *Murphy,* 380 Mass. 454
(1980). The defendant's motion under Mass.R.Dom.Rel.P. 12(b)(1)
(1975) raised the question whether the minor child of the parties was an
"inhabitant" or "resident" of the Commonwealth within the meaning of
G. L. c. 208, § 29, as appearing in St. 1975, c. 400, § 30, so that the court
would have jurisdiction to make an order providing for the "care,
custody, education and maintenance" of the child under § 29.
    The plaintiff had the burden of proving the jurisdictional facts. *Thom-
son* v. *Gaskill,* 315 U.S. 442, 446 (1942). *Nichols Associates,* v. *Starr,* 4
Mass. App. Ct. 91, 93-94 (1976). The allegations of the complaint, which

---

[1] Lambi N. Adams & others *vs.* City of Worcester & others.

was not signed under the penalties of perjury or sworn to before an officer authorized to take oaths (see G. L. c. 268, § 1A; *O'Brien, Russell & Co.* v. *LeMay,* 370 Mass. 243, 245 [1976]), did not supply the missing proof. Accordingly, we did not and do not reach the question considered in the *Murphy* case.

*Judgment affirmed.*

*Mark I. Zarrow* for the plaintiff.
*Diane F. Paulson* for the defendant.