GEDEONI OLIVIERI *vs.* CHARLES F. ATKINSON & another.

Suffolk.   January 18, 19, 1897. — February 26, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Breach of Contract — Finding — Domicil — Discharge in Insolvency.*

If a case comes to this court on exceptions, with a report of the evidence, consisting of the testimony of witnesses at two former hearings, the first of which was before the same judge who sat in the final hearing, at which no witness testified orally, but the testimony taken at the former hearings was read to him, the evidence before him cannot be treated as merely documentary, and the questions before this court are whether his findings of fact were warranted by the evidence, and whether his conclusion of law therefrom was right.

Evidence that a foreigner, who was a teacher of music, came to this Commonwealth under a contract made in another State, and rendered services thereunder for several months, until the contract was broken by the other party, for which breach an action was brought immediately; that, with the exception of two intervals of three and four months respectively, when he was out of the Commonwealth, he remained here until the trial, twenty months after the action was begun, returning after his first absence by the advice of counsel on account of the litigation, and giving music lessons during his whole stay here; and that, according to his testimony, when he first came here he intended, after finishing his contract, to remain here if he could establish a good business, and if he could not to return abroad, will warrant a finding that he had not made up his mind to make this Commonwealth his permanent place of abode, or to change his domicil; and his claim is not barred by a discharge in insolvency obtained after the action was brought.

CONTRACT, against Charles F. Atkinson and Fred P. Bacon, for breach of a written agreement to employ the plaintiff as a teacher of music. Trial in the Superior Court, without a jury, before *Braley*, J., who ordered judgment for the plaintiff; and the defendant Atkinson alleged exceptions. The facts appear in the opinion.

*R. M. Morse*, (*J. Duff* with him,) for the defendant Atkinson.
*C. F. Choate*, Jr., for the plaintiff.

ALLEN, J. The defendant Atkinson obtained a discharge in insolvency, and relied upon it in defence to the plaintiff's claim. The discharge was dated June 28, 1895, and the first publication of notice was on November 21, 1894. The plaintiff's action was brought on June 24, 1893, for breach of a contract dated January 30, 1893. The trial was before a judge sitting without a jury,

in March, 1894, and he on April 2, 1894, made a finding in favor of the plaintiff. Exceptions were taken by the defendants, which were not allowed till October 22, 1894, and which were never prosecuted further. In November, 1894, the defendant Atkinson filed his petition in insolvency. In February, 1895, the plaintiff moved to dismiss the exceptions, and to enter judgment. A hearing was had on this motion, and it was overruled; but not on the question raised by these exceptions. In February, 1896, the plaintiff filed a motion for judgment, and a hearing was had, at which no witness testified orally, but the testimony of the plaintiff, as given at the two former hearings in the case, and of the defendant Atkinson, was read to the court; and a complete statement of all the evidence which was presented to the court is given in the bill of exceptions. At the close of the evidence, the defendant Atkinson asked the court to rule that, upon all the evidence, the plaintiff on November 21, 1894, was domiciled in this State. The court declined so to rule, made various findings of facts, and ordered judgment to be entered for the plaintiff.

By Pub. Sts. c. 157, § 81, the defendant Atkinson was discharged from debts " due to any person resident therein [that is, in this State] at the time of the first publication of the notice of the issuing of the warrant." The request for a ruling treats the word " domiciled " as equivalent to the statutory word " resident." Such is the usual but not universal meaning of the word as used in our statutes ; *Stoughton* v. *Cambridge*, 165 Mass. 251; and in *McDaniel* v. *King*, 5 Cush. 469, such was held to be its meaning as used in the original statute of insolvency in this State, St. 1838, c. 163, § 19.

The question what constitutes domicil is mainly a question of fact, and the element of intention enters into it. Personal absence for a while does not necessarily change one's domicil, and personal presence in a place for a somewhat prolonged period does not necessarily establish domicil there. *Viles* v. *Waltham*, 157 Mass. 542. *Borland* v. *Boston*, 132 Mass. 89. *Chicopee* v. *Whately*, 6 Allen, 508. *Harvard College* v. *Gore*, 5 Pick. 370, 374. The question of domicil is often, as in the present case, rather a complex question, depending on a consideration of many different facts.

At the outset, we have to inquire what weight shall be given to the findings of the judge before whom the hearing was had. The case comes to us on exceptions, with a report of the evidence. This evidence, as presented, consisted of a report of the testimony of witnesses at two former hearings, but it appears that the first of these former hearings was before the same judge who sat in the final hearing, and it does not appear whether the other of the former hearings was before the same or a different judge. We therefore have the fact, that the judge who allows the exceptions had heard a part of the testimony at the trial of the merits of the original claim of the plaintiff, and had seen and heard both the plaintiff and the defendant Atkinson face to face. Under this state of things, the evidence before the presiding judge can hardly be treated as merely documentary, since a part at least of the testimony read to him had also been heard by him when it was taken. The question before us, therefore, is whether his findings of facts were warranted by the evidence, and whether his conclusion of law therefrom was right. *Schendel* v. *Stevenson*, 153 Mass. 351. *Chase* v. *Hubbard*, 153 Mass. 91. ,But in a case where the evidence is merely documentary, and a ruling of law is made based thereon, and this court has before it all that was before the trial court, it is proper to re-examine the evidence, and determine if on the whole the judgment was right. *Livingston* v. *Hammond*, 162 Mass. 375.

An examination of the evidence leads to the conclusion that the findings were well warranted. There were certain general facts not in dispute. The plaintiff was a native of Ancona, Italy, and devoted himself to music. He went from Ancona to Naples for purposes of study, thence to Greece as conductor of an orchestra, thence to Milan, thence to Havana, and finally, in 1881, to Paris, where he stayed till 1892. In the autumn of 1892 he came to New York, and remained there till he entered into the contract with the defendants. He was in Boston performing his duties under the contract from February 10, 1893, till June 20, when the defendants broke the contract, having become unable to carry it out further. He brought the present action on June 24, 1893, and soon afterwards left Boston for the summer, returning on September 5 or 6, and staying till June 4, 1894, when he left for Paris. He was in Boston again about

October 1, 1894, and thence till the hearing in February, 1895, since which time it does not appear where he has been.

In the contract of January 30, 1893, the plaintiff is described as of New York. In the writ, dated June 24, 1893, he is described as of Ancona, Italy. In February, 1894, the defendants moved for an indorser of the writ, on the ground that the plaintiff was not a resident of the State, and an indorser was ordered. There was testimony which seems satisfactory to show that, when he returned to Boston in September, 1893, he came by advice of his counsel, on account of the litigation with the defendants, and to watch the suit. During this and his subsequent stay in Boston, he gave singing lessons. At the trial in March, 1894, the defendants for some reason sought by cross-examination of the plaintiff and otherwise to show that his residence or domicil was not in Boston; and the defendant Atkinson testified that on many different occasions, beginning in February, 1893, and continuing until June, 1893, the plaintiff said that he did not like Boston; that he was ill, and sick of the whole business; and that he wanted to go back to New York, where he could make more money. At the hearing in February, 1895, the plaintiff being asked what on February 10, 1893, (the date of his coming to Boston under his contract,) he meant to do after finishing his contract with the defendants, said: " If I could make very fine business here in America I would remain here; but if business was not right, I went back to Paris, and the most American people would come to me to take lessons. It was to establish my reputation here in America, to be known." The judge found the fact to be in accordance with this testimony of the plaintiff, and that on November 21, 1894, he was living in Boston, engaged in his vocation as a music teacher; that it was his intention, if he could find sufficient business in America, to remain here, but if not, to go back to Paris; and that he had not made up his mind to make Boston his permanent place of abode, or to change his domicil. There was no evidence that the plaintiff had any other strong reason for remaining permanently in Boston, or that after June, 1893, when the defendants broke the contract, he was very successful in earning money by giving singing lessons here.

There is no doubt that an alien may have his domicil or resi-

dence here, so that a claim held by him against an insolvent debtor would be barred by the latter's discharge. *Harvard College* v. *Gore*, 5 Pick. 370, 377. *Letchford* v. *Convillon*, 20 Fed. Rep. 608. *Von Glahn* v. *Varrenne*, 1 Dillon, 515. Nor are we insensible to the argument that it is a hardship upon the defendant to hold him still liable upon his indebtedness to the plaintiff, when he is discharged from his debts to residents of this Commonwealth. If, however, the plaintiff did not have his residence or domicil here, his claim is by law exempt from the operation of our insolvent laws, and is not barred by the discharge. *Phœnix National Bank* v. *Batcheller*, 151 Mass. 589. *Regina Flour Mill Co.* v. *Holmes*, 156 Mass. 11. The finding to this effect was warranted by the evidence, and must stand.

*Exceptions overruled.*