International Brotherhood of Electrical Workers v. Western Mass. Electric Co.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS & others vs. WESTERN MASSACHUSETTS ELECTRIC COMPANY.

Hampden.  October 13, 1982. — December 14, 1982.

Present: HALE, C.J., GRANT, & SMITH, JJ.

*Statute,* Construction. *Administrative Law,* Agency interpretation of statute. *Electricity. Words,* "Structure."

The word "structure" as used in G. L. c. 149, § 129C, does not include a specialized piece of equipment known as a "bucket truck," a motor vehicle which permits linemen to be mechanically elevated, in an insulated bucket, to overhead work areas on electrical transmission lines. [27-28]

CIVIL ACTION commenced in the Superior Court Department on October 15, 1980.

The case was heard by *Moriarty, J.,* on motion for summary judgment.

*Thaddeus R. Beal, Jr.,* for the defendant.

*James O. Hall* for the plaintiffs.

HALE, C.J.  The complaint for a declaratory judgment in this case was presented to a judge of the Superior Court by a joint motion for summary judgment on a statement of agreed facts.  The sole question presented was whether the word "structure," as used in G. L. c. 149, § 129C, inserted by St. 1969, c. 680, the pertinent parts of which are set out in the margin,[1] includes a registered motor vehicle com-

---

[1] "Whoever being engaged in the business of transmitting electricity or installing or repairing live wires or electrical equipment knowingly permits a journeyman or first-class lineman, while on a pole or structure, to work on live wires in excess of seven hundred and fifty volts to ground unless he is assisted on or at the base of each such pole or structure by a journeyman lineman, a fourth-year apprentice, a second-class lineman or a lineman having a title commonly accepted as the equivalent of the

monly called a bucket truck by which linemen are mechanically elevated to the overhead work area in an insulated bucket, thus eliminating the need for them to physically climb to such a work area and to carry equipment aloft. Judgment entered declaring that it was included, and the defendant appealed. We reverse.

We glean from the statement of agreed facts that the defendant's business includes the operation and maintenance of overhead lines of wires for the transmission and distribution of electricity. Those wires are carried on poles or towers varying from single poles to elaborate steel lattice work transmission towers. Over the past twenty years the number of men making up the crews which maintain those lines has shrunk to a point that the crews are now made up of only two or three employees. That reduction was due to the increased use of specialized equipment such as bucket trucks. The number of such trucks used by the defendant went from zero in 1962, when the defendant first used them, to sixteen at the time in 1969 when G. L. c. 149, § 129C, was inserted. At that time there were substantially fewer bucket trucks in use for line work than there are today, and much of the line work was still performed by having linemen physically climb the poles or towers supporting the transmission and distribution wires and equipment.

General Laws c. 149, § 129C, is a penal statute and must "be strictly construed" (*Commonwealth* v. *Federico*, 354 Mass. 206, 207 [1968]), and any uncertainty resulting from a literal reading of the statute is to be resolved in favor of the defendant. *Commonwealth* v. *Conway*, 2 Mass. App. Ct. 547, 552 (1974).[2] We find little assistance in the various lexicons in determining the meaning of the word "structure."

foregoing shall be punished by a fine of not more than one hundred dollars."

Statute 1981, c. 617, added a sentence to follow the part quoted above, but the quoted sentence was not thereby changed.

[2] This controversy started out in life as a criminal prosecution on a complaint which was placed on file by a judge with the understanding that the parties would seek a declaratory judgment to determine the issue.

"Anything 'constructed or built' (dictionary definition) is a structure but whether a particular thing constructed is within the meaning of the word as used in a statute, regulation, or contract depends upon the context." *Scott* v. *Board of Appeal of Wellesley*, 356 Mass. 159, 161 (1969). "A general term in a statute or ordinance takes meaning from the setting in which it is employed. The literal meaning of a general term in an enactment must be limited so as not to include matters that, although within the letter of the enactment, do not fairly come within its spirit and intent." *Haas* v. *Breton*, 377 Mass. 591, 595 (1979), quoting from *Kenney* v. *Building Commr. of Melrose*, 315 Mass. 291, 295 (1943). We note from the exhibits attached to the statement of agreed facts that the defendant's wires are carried by single wooden poles of varying size with or without cross arms, by two wooden poles joined by cross ties, by single metal poles with arms, and by steel towers of lattice work, the latter two being used for wiring carrying up to 115,000 volts. With this setting in mind, we look to the words "pole or structure" appearing in § 129C, and it is clear that the "poles" are the single poles in transmission line and that "structure" refers to a tower or to two poles joined by cross ties. Had the statute been intended to include a motor vehicle carrying a bucket used to lift linemen up to transmission line wires, such an intent could easily have been manifested.[3]

The agreed facts inform us that a bucket truck sometimes has an attachment known as a jib boom which is used by linemen to support live wires while they are working on them. Some trucks also have stabilizing braces or "legs" which, when extended and "planted" on the ground, stabilize the trucks. The trucks may be grounded by various means. We think that none of these capabilities would convert a bucket truck into a "structure" within the contemplation of § 129C.

---

[3] In 1980 the plaintiff union and two individuals petitioned the Legislature to amend § 129C to provide that "a structure shall be deemed to include any kind of aerial life [sic] device, including a so-called bucket truck." The bill was not enacted, and we have not considered it.

Finally, a 1981 memorandum of the Commissioner of Labor and Industries stating his position that a bucket truck should be included within the scope of § 129C is of no help to the plaintiffs. We note that the memorandum was not properly before the Superior Court judge but that it appears to have been considered by him. The plaintiffs argue that we should give it great weight, as the Commissioner is the head of the administrative agency which would enforce the provisions of G. L. c. 149. "While an administrative or executive interpretation cannot bind the courts, weight should be given 'to any reasonable construction of a regulatory statute adopted by the agency charged with . . . [its] enforcement.' *Investment Co. Inst.* v. *Camp,* 401 U.S. 617, 626-627 [1971]. See *Town Crier, Inc.* v. *Chief of Police of Weston,* 361 Mass. 682, 687 n.6 [1972]. The appropriate weight, in a particular case, will depend on a variety of factors, including whether the agency participated in the drafting of the legislation (*Zuber* v. *Allen,* 396 U.S. 168, 192 [1969]), whether the interpretation dates from the enactment of the legislation, and whether it has been consistently applied (*Cleary* v. *Cardullo's Inc.,* 347 Mass. 337, 343-344 [1964]). In no event, however, will an administrative interpretation be followed if it is contrary to 'plain and unambiguous terms . . . [in] a statute.'" *School Comm. of Springfield* v *Board of Educ.,* 362 Mass. 417, 441 n.22 (1972). None of those factors appear to be present here. Contrast *Amherst-Pelham Regional School Comm.* v. *Department of Educ.,* 376 Mass. 480, 491-492 (1978). Moreover, the memorandum, impliedly at least, supports the position that a bucket truck is not within the contemplation of G. L. c. 149, § 129C. As the Commissioner's memorandum states, the department's position "*extends* the terms 'pole or structure' as used within the context of c. 149 to include a bucket truck" (emphasis supplied).

We hold that a bucket truck is not a "structure" within the meaning of G. L. c. 149, § 129C. The judgment is reversed, and a new judgment is to enter in the same form as the old judgment, except that the second paragraph thereof

is to read: "It is ordered and adjudged, that the word 'structure,' as used in G. L. c. 149, § 129C, does not include a specialized piece of equipment known as a 'bucket truck,' a motor vehicle which permits linemen to be mechanically elevated to overhead work areas in an insulated bucket."

*So ordered.*