MARK LEVY *vs.* RENT CONTROL BOARD OF BROOKLINE (and two companion cases[1]). No. 89-P-136. October 30, 1990. *Rent Control*, Exemption, Removal of unit from market. *Words*, "Principal place of residence."

The Brookline rent control board appeals from a decision of the Appellate Division of the District Court holding that the board erred in ruling that the apartments of the plaintiffs, which they hold as condominium units in the same three-unit house, are not exempt from the provisions of the Brookline rent control by-law. The plaintiff Levy had belatedly applied for exemption from the removal permit provision of the rent control by-law, contending that at the time of the conversion to condominium units in 1982 the house was an owner-occupied, three-family dwelling and thus exempt from rent control. The board's contrary finding was reversed by a judge of the Brookline Division of the District Court Department, whose decision was affirmed by the Appellate Division.

The sequence of events was as follows. Levy purchased the house, 147 Longwood Avenue, on March 29, 1982, in mortgage foreclosure proceedings. The three-family house was delapidated, occupied by students who apparently paid no rent. They vacated voluntarily at the end of the school year in June. To raise money for the ongoing renovations, Levy transferred title on July 30 to a realty trust, in which he and others were beneficiaries.[2] This transfer was subject to an unwritten agreement that Levy would be entitled to purchase one of the units if the house should be converted to a condominium. On August 3 the master deed was recorded. About the same time, by deed dated August 2, the first of the three units was sold to a couple named Deland, who moved in immediately and who were later to sell their unit to the plaintiffs Dwarakanath. On September 2 the trustees sold a unit to Levy and his spouse as tenants by the entirety. The Levys had been living at an address on Washington Street in Brookline but from the time of their purchase took up residence at 147 Longwood Avenue. The third unit was purchased by the plaintiff Halpern on October 6. She moved in December 1.

These facts are undisputed, as is the fact that Levy's workmen were doing extensive repairs on the house from some time in the spring to make the house habitable. The difference between the board's decision and the court's lies in the conclusion to be drawn from those facts.

---

[1]Gopala Dwarakanath & another *vs.* Rent Control Board of Brookline and Rachelle Halpern *vs.* Rent Control Board of Brookline.

[2]We do not detail the ownership because the board has argued the case on the footing that Levy was sole owner at the time of the conversion to condominium units.

The board has taken the position that owner-occupancy, as used in the by-law, imports that the owner's unit in the two- or three-family house must be his "principal place of residence." The District Court correctly gave deference to this reasonable construction by the board of the by-law it is charged with enforcing. *School Comm. of Springfield* v. *Board of Educ.*, 362 Mass. 417, 442 (1972). *Massachusetts Org. of State Engrs. & Scientists* v. *Labor Relations Commn.*, 389 Mass. 920, 924 (1983). *International Bhd. of Elec. Wkrs.* v. *Western Mass. Elec. Co.*, 15 Mass. App. Ct. 25, 28 (1982). *Amari* v. *Rent Control Bd. of Cambridge*, 21 Mass. App. Ct. 598, 604-605 (1986). Just as a person may have (in ordinary parlance) more than one place of residence, so may he "occupy" more than one dwelling simultaneously — a possibility that the board, by its narrowing construction, doubtless sought to foreclose. The words "principal place of residence" connote that an owner will not be recognized as occupying more than one dwelling at a time. As so interpreted, the concept of owner-occupancy is analogous to the concept of domicil. It is basic, of course, that one does not acquire a new domicil until he has given up his old domicil, *Dane* v. *Board of Registrars of Voters*, 374 Mass. 152, 162 (1978), and this determination, on appropriate evidence, is a question of fact. *Lyman* v. *Fiske*, 17 Pick. 231, 234-235 (1835). *Olivieri* v. *Atkinson*, 168 Mass. 28, 29 (1897). *White* v. *Stowell*, 229 Mass. 594, 597 (1918). *Commonwealth* v. *Davis*, 284 Mass. 41, 49 (1933). *Mellon Natl. Bank & Trust* v. *Commissioner of Corps. & Taxn.*, 327 Mass. 631, 632 (1951).

Here, it is undisputed that Levy and his wife were residents at the Washington Street house until they moved into 147 Longwood Avenue on or shortly after September 2, 1982. The board's finding that 147 Longwood Avenue did not become their principal place of residence until that time cannot be said to lack substantial evidence to support it. Just as one's "original domicil is presumed to have continued in the absence of compelling evidence that it was changed," *Dane* v. *Board of Registrars of Voters*, 374 Mass. at 162, the board's finding that the Levys did not change their residence until they physically moved out of the Washington Street house and into the Longwood Avenue house was not erroneous.

The plaintiffs put much weight on the proposition that the Levys intended from the time of the original purchase in March, 1982, to make 147 Longwood Avenue their principal place of residence. It is enough to say that the board neither made nor was compelled to make such a finding, but, even if it had done so, that "fact" would not conflict with the board's finding that the change of residency did not occur until September. "Intention without the concurrence of the fact of residence is not sufficient to change or to create domicil. Both must coexist." *Tuells* v. *Flint*, 283 Mass. 106, 109 (1933). Without doubting that a house may be "constructively occupied" through the presence of workmen while its occupants are temporarily residing elsewhere, see *Harris* v. *North Am. Ins. Co.*, 190 Mass. 361, 367-370 (1906), here the board, as the finder of fact, could appropri-

ately find that the Levys' principal place of residence was Washington Street at the time that 147 Longwood Avenue was converted to condominiums.

The judgment of the District Court is reversed. The case is remanded to the District Court for the entry of a new judgment affirming the decision of the board.[3]

*So ordered.*

*David Wm. Adams* for the defendant.
*Gordon P. Katz* for the plaintiffs.

---

[3]The board, having vindicated its authority to maintain the application of rent control to the three units at 147 Longwood Avenue, may wish to consider the use of its discretionary authority under Brookline Rent Control Regulation 29, § 6(c)(2) and (3), to alleviate the hardship that the unit owners may face due to the resulting cloud on their titles, weighed against the seemingly limited benefits of returning the owner-occupied units to rent control after so many years have passed.