THOMAS P. BROGAN *vs.* MARY ANNE BROGAN, executrix.[1]

No. 01-P-1683.

Plymouth. April 4, 2003. - September 25, 2003.

Present: PORADA, KASS, & GREENBERG, JJ.

*Will,* Allowance, Undue influence. *Domicil. Probate Court,* Appeal, Parties. *Practice, Civil,* Affidavit, Summary judgment.

Discussion of the standards for evaluating an affidavit, filed pursuant to Probate Court Rule 16 (1987), objecting to a petition for probate of a will. [399-401]

In a will contest case, a Probate Court judge properly struck an affidavit of objections to the petition for admission of the will to probate, where the affidavit did not meet the standards of Probate Court Rule 16 (1987). [401-403]

A Probate Court judge acted within her discretion in denying, based on unreasonable delay, the plaintiff's request for a pretrial conference in a will contest case. [403]

PETITION filed in the Plymouth Division of the Probate and Family Court Department on May 8, 2000.

The case was heard by *Catherine P. Sabaitis,* J.

*Brian K. Bowen* for the plaintiff.

*Lisa M. Raymond* for the defendant.

KASS, J. We deal with further nuances of the application of Probate Court Rule 16 (1987), when someone contests a will.

1. *Factual background.* At the time of her death at age eighty on April 6, 2000, Mary G. Brogan (testatrix) had lived with her daughter, Mary Anne Brogan, in Mattapoisett for some thirteen years. She had executed a will, witnessed by two residents of Mattapoisett, approximately six weeks before she died. The will directed division of her residuary estate (the only specific

---

[1]Of the estate of Mary G. Brogan.

bequest in the will was to Mary Anne[2] and pertained to personal property already in her possession) into ten shares. She devised one of the ten shares to each of three sons, one daughter, and four grandchildren. The remaining two shares went to Mary Anne. To her husband, from whom she had been long separated, and a fourth son, Thomas P. Brogan, she expressly left nothing, taking care to say that the "failure [was] intentional and not occasioned by accident or mistake."

Mary Anne, whom the will had named executrix, filed a petition on May 8, 2000, to have the will allowed. The disfavored son, Thomas, of Harrisburg, Pennsylvania, filed an appearance in opposition to the will on June 19, 2000. Probate Court Rule 16(a) requires that a person who has filed an appearance objecting to a petition for admission of a will to probate shall "file a written affidavit of objections to the petition, stating the specific facts and grounds upon which the objection is based." Thomas filed an affidavit of objections on July 19, 2000. The appeal turns on whether that affidavit was substantively compliant with the demands of the rule. A judge of the Probate Court thought not. In response to a motion by Mary Anne, as the proponent of the will, on which there apparently was a hearing on May 9, 2001, the judge struck the affidavit of objections, allowed the will, and ordered the appointment of Mary Anne as executrix.

2. *Standards for evaluating a rule 16 affidavit.* In assessing whether an affidavit submitted under Probate Court Rule 16 states sufficient "specific facts" to warrant a pretrial conference (see par. [c] of the rule) or an evidentiary hearing, we have drawn analogies to the specific facts required in complaints. *Wimberly* v. *Jones,* 26 Mass. App. Ct. 944, 946 (1988). Courts do not dismiss a complaint for failure to state a claim unless the facts stated cannot possibly be stitched together to state a justiciable claim. *Nader* v. *Citron,* 372 Mass. 96, 98 (1977). *HTA Ltd. Partnership* v. *Massachusetts Turnpike Authy.,* 51 Mass. App. Ct. 449, 451 (2001). As the express purpose of rule 16, however, is to screen out frivolous will contests and to provide a procedure which will do so expeditiously, *Baxter* v. *Grasso,* 50 Mass. App. Ct. 692, 694 (2001), the standard by which a judge

---

[2]We intend no disrespect by the use of first names, but employ them in the interest of clarity.

may evaluate a rule 16 affidavit is somewhat more demanding than the highly indulgent one that applies to complaints. There need to be allegations, in verified form, of specific subsidiary facts that, if proved by a preponderance of the evidence, state grounds for contesting the will offered for probate. The standard grounds are that the will was not properly executed; the testator was not of sound mind; or the execution of the will was obtained by fraud or undue influence. Newhall, Settlement of Estates § 3.7 (5th ed. 1994). For an illustration of an affidavit that contains adequate supporting facts, see that furnished as exhibit 4B to chapter 4, Will Contests, Compromises, and Practical Steps to Avoid Litigation, in Massachusetts Probate Manual (MCLE 2003).

So, for example, in *Wimberly* v. *Jones*, 26 Mass. App. Ct. at 946, the rule 16 affidavit was inadequate because its statement that the testatrix, when she executed the will, was about to undergo a life-endangering operation the next day was not an indication that she was of unsound mind. By contrast, in *Baxter* v. *Grasso*, 50 Mass. App. Ct. at 695-696, the ten-paragraph narrative of the specific fashion in which certain persons had dominated the testator in the case generally, had purported to prescribe the terms of his will, and the unnatural disposition made in the will were quite enough to withstand a motion to strike.

The manner of looking at a rule 16 affidavit resembles more the manner in which a court looks at affidavits in support of or against summary judgment. The assertions must be based on personal knowledge. *Maguire* v. *Massachusetts Bay Transp. Authy.*, 20 Mass. App. Ct. 907, 908 n.4 (1985). Facts sworn to may not be vague or general. *O'Brion, Russell & Co.* v. *LeMay*, 370 Mass. 243, 245 (1976). Taking the sworn assertions as true and unchallenged, do the facts asserted add up to a conclusion of law? See generally *Theran* v. *Rokoff*, 413 Mass. 590, 591 (1992). Rule 16 procedure differs from summary judgment procedure in an important respect. Whereas in summary judgment procedure, the party resisting the motion may file counter affidavits, rule 16 does not provide for counter affidavits by the proponent of the will. Indeed, the judge is to look only to the affidavit of the objector and may not consider the af-

fidavits of the proponent. *Baxter* v. *Grasso*, 50 Mass. App. Ct. at 694 & n.4.

3. *Analysis of affidavit.* Thomas's general objections to the will were that (a) the testatrix's domicile at the time of her death was Pennsylvania; (b) the testatrix was not of sound mind when she executed her will; and (c) the will was procured through the undue influence of Mary Anne.

(a) *Domicile.* The question of the testatrix's domicile does not touch on the validity of the will; it bears on the jurisdiction of the Probate Court in Plymouth County to consider whether the will should be allowed.[3] There is no dispute that the will was executed in Mattapoisett. General Laws c. 215, § 3, as appearing in St. 1975, c. 400, § 53, provides that "[p]robate courts shall have jurisdiction of probate of wills . . . of persons who at the time of their decease were inhabitants of or residents in their respective counties . . . ." The words "inhabitant" and "resident" are not synonymous. *Harvard College* v. *Gore*, 5 Pick 370, 372-373 (1827). "Inhabitant" imports domicile; "resident" imports making a home in a place for purposes of employment or to live with a child, without necessarily giving up another, more permanent, abode. *Martin* v. *Gardner*, 240 Mass. 350, 353-354 (1922). Lack of domicile in a county, therefore, does not preclude the submission of a will in the county where the testator was resident. *Ibid.* Newhall, Settlement of Estates § 2.5, at 53-56. Compare *Bernier* v. *DuPont*, 47 Mass. App. Ct. 570, 575-576 (1999), in which, on its facts, an inquiry into domicile is assumed.

Thomas's affidavit of objections does not gainsay that the testatrix spent increasingly extended time with her daughter Mary Anne in Massachusetts for thirteen years. The affidavit characterizes the testatrix's presence in Massachusetts as "visiting," but that does not contradict the statement in the will by the testatrix that she was of Mattapoisett; that she had been living "separate and apart" from her husband for the past thirteen years; and that she had "been domiciled as a resident of Massachusetts during [that] period."

---

[3]Although the primary purpose of rule 16 is to provide a procedure for testing the validity of a will, there is no reason why a contestant may not, as part of the rule 16 submission, raise a question of jurisdiction.

Assuming, for the sake of discussion, that domicile were pertinent to the case at hand, the testatrix's statement of domicile, while not binding, *Kennedy* v. *Simmons*, 308 Mass. 431, 432 (1941), is probative. Thomas's affidavit fails to state when he saw his mother, where the accoutrements of her home were, where she ate, where she attended religious services, where she worked or engaged in volunteer activity, where she voted, shopped, and banked, or where she consulted doctors. The affidavit of objections states that the testatrix owned a house in Philadelphia and filed tax returns as a Pennsylvania resident. Since the husband of the testatrix continued to live in the former marital home in Philadelphia, these were not specific facts of sufficient weight to oblige the Probate Court judge to decide that the affidavit had put in play the issue of where the testatrix had been an inhabitant or resident.

(b) *Whether testatrix was of sound mind.* The affidavit states that at the time the will was executed, the testatrix "was terminally ill with cancer . . . [and] was under the influence of pain control medication." Thomas does not state any observations of the testatrix, what her condition was at the time she executed her will, or what physicians or caretakers observed. As in *Wimberly* v. *Jones*, 26 Mass. App. Ct. at 946, the will itself "reveals on its face an orderly scheme of disposition and careful identification of each legatee." The judge could properly regard the affidavit's broad brush statement, based on no observation, as insufficiently specific to make the testatrix's testamentary capacity a triable issue.

(c) *Undue influence.* On the question of undue influence, the affidavit of objections states only that "[p]rior to her death Mary G. Brogan was in the care and control of Mary Anne Brogan," that she disinherited her husband and Thomas, and that she made "a disproportionately larger distribution of the estate in favor of Mary Anne Brogan." Care does not equate with control. There are no allegations of specific facts about what method of control Mary Anne exerted. There is no allegation that Mary Anne limited access by family and friends to the testatrix. There is no statement that Thomas ever visited his mother in Mattapoisett and saw the relationship between his mother and his sister. The will by its terms leaves a life estate

in the Philadelphia house to the husband from whom she was separated. That she would not leave more to a husband from whom she had long been estranged is natural. Similarly, that she left shares in her estate to her other children, none of whom were resident in Massachusetts, is hardly indicative of influence by Mary Anne to direct the estate in her direction. Mary Anne's share of the residency estate was two-tenths. Other children and several grandchildren received one-tenth. The will states that the testatrix is leaving an extra share to Mary Anne because she allows family members to use and enjoy a property in Marshfield. In summary, there is no allegation of an unnatural disposition, no allegation that the testatrix was susceptible to undue influence, and no allegation of unusual advantage obtained by someone in a position to exercise influence. Compare *Grasso* v. *Baxter*, 50 Mass. App. Ct. at 695-697.

4. *Other procedural matters.* Thomas claims he was denied a pretrial conference and that this was error. Probate Rule 16(c) provides that upon the filing of an affidavit of objections, a party may request a pretrial conference and that such a conference shall be held within thirty days. The affidavit of objections was filed July 19, 2000. Mary Anne, as the proponent of the will, moved on April 25, 2001 — nine months later — to strike the objections and marked the motion for hearing on May 9, 2001. One week before that date, Thomas requested a pretrial hearing and urged the need for discovery. Thomas offered no supplement to his initial sketchy affidavit at that time. The judge acted within her discretion in deciding that Thomas at that point had delayed unreasonably in requesting a pretrial conference and asking further time for discovery. Contrast *Gilmore* v. *Harte*, 43 Mass. App. Ct. 916, 917-918 (1997).

In support of her motion to strike Thomas's objections, Mary Anne, as proponent of the will, submitted to the court medical information and detailed affidavits from family members and friends to the effect that the testatrix was of altogether sound mind during the period when she made the will submitted for allowance. The affidavits also had much to say about how she lived and the roots she had sunk in the Mattapoisett community. They also show that she received chemotherapy for her illness after she executed her will. As previously noted, there was no place for that material under rule 16.

The material filed by Mary Anne does, however, call attention to an observation we made in *Grasso* v. *Baxter*, 50 Mass. App. Ct. at 698 n.7, that Probate Court Rule 27B, effective January 1, 2000, authorizes summary judgment procedure in the Probate Court. In will contests, the procedure laid out in rule 16 must be exhausted before there is recourse to a motion for summary judgment. If the court allows a motion under rule 16(b) to strike the affidavit of objections, as occurred in the instant case, that is obviously the end of the matter. If the court denies the motion to strike the affidavit of objections, the proponent of the will may then, by motion for summary judgment, draw the attention of the Probate Court judge to the sort of materials that Mary Anne appended to her motion to strike. Were the proponent's materials to show that the contestant had no reasonable expectation of proving an essential element of his claim, the proponent would be entitled to summary judgment. *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991).

The decree of the Probate Court judge striking Thomas's affidavit of objections, allowing the will, and appointing Mary Anne Brogan as executrix is affirmed.

*So ordered.*