LEO M. LAWLESS *vs*. BOARD OF REGISTRATION IN PHARMACY. October 7, 2013. *Supreme Judicial Court*, Appeal from order of single justice. *Pharmacy. Board of Registration in Pharmacy. Administrative Law*, Adjudicatory proceeding, Hearing. *License. Practice, Civil*, Default, Review of administrative action.

After the Board of Registration in Pharmacy (board) revoked Leo M. Lawless's license to practice pharmacy for a minimum of two years, Lawless sought judicial review, pursuant to G. L. c. 112, § 62, from a single justice of this court. The single justice denied the petition for review and a motion for reconsideration, and Lawless appeals. There was no error.

*Background.* Lawless has held a license to engage in practice as a pharmacist in the Commonwealth since 1974. Following his termination from a pharmacist position at Hanscom Air Force Base (Hanscom) based on "multiple patient safety adverse events," the board issued a temporary order summarily suspending his pharmacist license. The board thereafter issued an order that Lawless "appear and show cause" why it should not suspend, revoke, or otherwise take action against his license pursuant to G. L. c. 112, § 61, and 247 Code Mass. Regs. §§ 2.00 (2013). The order alleged that Lawless failed accurately to fill and verify prescriptions on multiple occasions and otherwise to maintain the pharmacy; made threatening comments about a member of the pharmacy staff; left the pharmacy while on duty; and failed to comply with the board's continuing education requirements. Lawless answered the order to show cause, as well as an amended order. An adjudicatory hearing was scheduled for March 26, 27, and 28, 2012.[1] At Lawless's request, a fourth day, March 30, 2012, was added to permit him to call an expert witness.

In advance of the hearing, Lawless served subpoenas for the release of documents and to procure the attendance of witnesses from Hanscom to testify on his behalf. At a prehearing conference on March 21, 2012, he sought continuance of the hearing on the basis that a staff judge advocate at Hanscom had objected to the subpoenas and returned them without action. The hearing officer ruled that the first two days of hearing would proceed as scheduled, with prosecuting counsel for the board presenting her case, and the remaining hearing dates would be continued to give Lawless an opportunity to seek enforcement of the subpoenas.[2]

---

[1]The order and various other communications informed Lawless that failure to appear at any hearing would result in entry of default and that, in the event of default, the board could enter a final decision accepting as true the allegations contained in the show cause order.

[2]The record does not demonstrate that Lawless sought judicial enforcement of the subpoena, or that he submitted a written request to the board, pursuant to G. L. c. 30A, § 12, to issue a subpoena on his behalf. In the absence of such a request, the board was not required to act.

Lawless duly appeared for hearing on March 26, 2012. At that time, he indicated his intent to proceed with his case on March 28, 2012, with witnesses who were not "subject to the Hanscom subpoena and willing and able to testify," and further indicated that the March 30 date was unnecessary because his expert would no longer be testifying. The parties agreed that an additional hearing day would be scheduled after Lawless sought enforcement of the Hanscom subpoena. Lawless failed to appear, however, for hearing on March 27, 2012, and failed to request a continuance. Prosecuting counsel completed the presentation of her case and rested. The hearing officer thereafter allowed counsel's motion for entry of default judgment and final decision and order of default.

On April 5, 2012, the board issued its final decision and order by default, revoking Lawless's license to practice pharmacy for a minimum of two years, with conditions of reinstatement.

*Discussion.* Pursuant to G. L. c. 112, § 64, on petition, the court may revise or reverse the board's final decision where the petitioner demonstrates that the board's decision is flawed in accordance with the standards for review enumerated in G. L. c. 30A, § 14 (7). Lawless has failed to satisfy that burden.

We consider Lawless's petition to raise two types of claims.[3] First, he argues that the board ought not to have entered his default for failure (after the first day) to appear and participate in the adjudicatory hearing, because that failure was based on the "denial of the appearance and testimony of subpoenaed witnesses." None of those witnesses was scheduled to testify during the first three days of hearing, however, and the hearing officer expressly ruled that the hearing would be continued thereafter to permit Lawless to seek judicial enforcement of the subpoenas. Cf. *School Comm. of Brockton* v. *Massachusetts Comm'n Against Discrimination*, 377 Mass. 392, 402-403 (1979). Lawless had ample notice that failure to appear for any scheduled hearing date would result in the entry of default. The board has authority, in an appropriate circumstance, to dispose of an adjudicatory proceeding by default, G. L. c. 30A, § 10, and Lawless has not demonstrated ground to conclude that the board's decision to do so in this case was improper. See G. L. c. 30A, § 14 (7).

Second, Lawless argues that revocation of his license is an excessive sanction and, without appropriate citation to the record, that various allegations of misconduct are untrue. The board has broad power to "promote the public health, welfare, and safety," *Strasnick* v. *Board of Registration in Pharmacy*, 408 Mass. 654, 660 (1990), quoting G. L. c. 112, § 5, and "broad discretion to determine the proper sanctions for misconduct" by pharmacists. *Sugarman* v. *Board of Registration in Med.*, 422 Mass. 338, 347 (1996). The board's final decision in this case reflects that it considered the factual allegations contained in the show cause order, Lawless's response to that order, other information contained in the administrative record, the respondent's disciplinary history, and his default. By choosing not to participate beyond the first

---

[3]Because Lawless is a pro se litigant, we have read his filings with some leniency, but are mindful that he is bound by the same procedural rules applicable to other litigants. E.g., *Mmoe* v. *Commonwealth*, 393 Mass. 617, 620 (1985). We consider both the document entitled "Petition of Appeal Under MGL 112 Section 64" and other documents filed before the single justice prior to her decision, including the "Statement for the Record/Request for Reinstatement," as comprising his petition.

day of hearing in the administrative proceedings, Lawless ceded his right to present additional evidence in his defense. Based on the evidence before the board, the factual allegations of professional misconduct establish violations of the statutes and regulations governing the practice of pharmacy. See G. L. c. 112, § 61; 247 Code Mass. Regs. §§ 2.00. Lawless "has not demonstrated any 'extraordinary . . . circumstances' that would justify our interference in the board's exercise of its discretion in terms of the sanction." *Anusavice* v. *Board of Registration in Dentistry*, 451 Mass. 786, 802 (2008), quoting *Kobrin* v. *Board of Registration in Med.*, 444 Mass. 837, 850 (2005).

We decline to consider substantively claims not raised in the G. L. c. 112, § 64, petition filed before the single justice. We observe only that, were we to do so, we would be constrained to observe that Lawless failed to demonstrate, with appropriate citation to the record and adequate legal argument, that he properly raised each claim before the board, that he preserved (and did not waive) his objections to rulings with respect to discovery issues, medical records, and expert testimony, or that any ruling by the board prejudiced his substantial rights.

*Conclusion.* Lawless has not demonstrated on the record before us that the board's decision to revoke his license to practice pharmacy for at least two years, and to impose conditions on reinstatement, is flawed in accordance with the standards enumerated in G. L. c. 30A, § 14 (7). The order of the single justice, effectively affirming the board's decision, is affirmed.

*So ordered.*

*Leo M. Lawless*, pro se.

*Suleyken D. Walker*, Assistant Attorney General, for the respondent.