A judge of the Probate and Family Court issued a decree admitting the will of the decedent, Millicent Albertina Hinds, to probate. In accordance with that will, the judge appointed Christopher H. Hinds (Christopher), the son of the decedent, as personal representative of the estate. Betty A. Hinds (Betty), the daughter of the decedent, appeals from the decree. We affirm.
Upon the motion of Christopher, the judge struck the objections to the admission of the will filed by Betty and her sister, Shirley Hinds, as lacking specific facts to support a claim of undue influence. See G. L. c. 190B, § 1-401(e ). Accord Brogan v. Brogan, 59 Mass. App. Ct. 398, 400-401 (2003) (applying same principle under prior law), abrogated on other grounds, O'Rourke v. Hunter, 446 Mass. 814, 820 (2006). Betty raises no argument that her objection (or her sister's objection) complied with the requirements of G. L. c. 190B, § 1-401(e ). Although we have "read [her] filing with some leniency," Lawless v. Board of Registration in Pharmacy, 466 Mass. 1010, 1011 n.3 (2013), we cannot review this issue without any argument supported by citation to proper authority. See Mass.R.A.P. 16(a)(4), as amended by 367 Mass. 921 (1975); Tynan v. Attorney Gen., 453 Mass. 1005, 1005 (2009).
In the absence of any cognizable challenge to the striking of the objections, Betty's complaints about the denial of her motion to disqualify Christopher's counsel and her motion to be appointed personal representative of the estate are without merit.[2] In the absence of a valid objection, the judge was well within his discretion in admitting the will on the strength of the petition. G. L. c. 190B, § 1-401(g ). Once the will was admitted to probate, there would be no trial at which the testimony of Christopher's counsel would be necessary, and the appointment of Christopher as personal representative was in accordance with G. L. c. 190B, § 3-203(a )(1). Regardless of the timeliness of any oppositions, the judge was well justified in denying the motions as moot.[3]
Decree affirmed.

It should be acknowledged that the motions in question provided little support and no citation to authority.

We are aware that, since the entry of this appeal, Betty has filed five single justice matters in this court and the Supreme Judicial Court-all denied-seeking to raise issues involving this family. In determining whether to award attorney's fees, however, we must focus on the instant appeal. We greatly appreciate the care provided to this appeal by counsel for the appellee, but we do not believe this appeal meets the standard required for the award of attorney's fees. See Popp v. Popp, 477 Mass. 1022, 1023 n.3 (2017).