Taxpayer Richard A. Venanzi appeals from a single member summary decision by the Appellate Tax Board (board) in favor of the Auburn board of assessors (assessors). The gravamen of the taxpayer's argument to this court appears to be that the assessors should have based his taxes on his home's assessed value as of January 1, 2014, rather than on an adjustment in May, 2014.
We are unable to reach the taxpayer's issue on this record before us. We have only such materials as the parties put before us; it is the taxpayer's burden, as appellant, to provide a record sufficient to support his claims on appeal. See Mass.R.A.P. 18(a), as amended, 425 Mass. 1602 (1997); Cameron v. Carelli, 39 Mass. App. Ct. 81, 83-84 (1995). We cannot discern from the record before us what arguments or evidence were placed before the board. See G. L. c. 58A, § 13 ("The court shall not consider any issue of law which does not appear to have been raised in the proceedings before the board").[2] Similarly, the taxpayer's brief contains no analysis supported by citation to proper authority. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975); Tynan v. Attorney Gen., 453 Mass. 1005, 1005 (2009). Under these circumstances, we are unable to review the taxpayer's claims in a meaningful manner. Although "some leniency is appropriate in determining whether the papers of a self-represented litigant comply with applicable court rules," ibid., the taxpayer's self-represented status neither excuses such fundamental substantive failings, Lawless v. Board of Registration in Pharmacy, 466 Mass. 1010, 1011-1012 (2013), nor otherwise permits us to reach his appeal's merits.
Moreover, we do observe that G. L. c. 59, § 76, permits the correction of an erroneous valuation and the assessment of additional taxes if done not "later than June 20 of the taxable year or 90 days after the date on which the tax bills were mailed, whichever is later." G. L. c. 59, § 75.[3] Whether this was the basis for the adjustment of the taxpayer's bill in this case, however, cannot be determined from the record before us.
Decision of the Appellate Tax Board affirmed.

Any challenge to the board's factual findings is waived by the taxpayer's failure to file a request for findings. See G. L. c. 58A, § 13 ("If no party requests such findings and report, all parties shall be deemed to have waived all rights of appeal to the appeals court ... as to whether a finding was warranted by the evidence").

The tax bill upon which the taxpayer relies states, "The bill also shows betterments, special assessments and other charges" (emphasis supplied).