This appeal follows a series of proceedings in the Superior Court, Federal District Court, and Housing Court arising from the contested foreclosure of a home formerly owned by the defendant, Fitzroy L. Brown, and his wife.[2] The defendant appeals from a Housing Court summary process judgment, claiming the judge erred in granting summary judgment to the plaintiff, 27 Ramsdell Avenue, LLC, and dismissing the defendant's counterclaims and awarding possession to the plaintiff. Concluding that the defendant's arguments on appeal are either barred by res judicata or were not raised in opposition to the plaintiff's motion for summary judgment, we affirm.
1. Standard of review. "We review a grant of summary judgment de novo." Deutsche Bank Natl. Trust Co. v. Fitchburg Capital, LLC, 471 Mass. 248, 252-253 (2015). The issue on appeal is "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law." Molina v. State Garden, Inc., 88 Mass. App. Ct. 173, 177 (2015), quoting from Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). In addition, we do not consider any issue not raised or argued below, see Pelullo v. Croft, 86 Mass. App. Ct. 908, 909 n.3 (2014), and we deem as waived for purposes of appeal any theory of recovery or defense not included by the parties on the motion for summary judgment, see Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).
2. Discussion. The defendant's initial argument, both on appeal and in opposition to summary judgment, is that the plaintiff has no right to title or possession of the property and lacks standing to bring the summary process action because it acquired title through an invalid assignment to its predecessor in interest, CitiMortgage, Inc. (CitiMortgage). This matter could have been litigated in the Superior Court action brought by the defendant on January 13, 2012 (2012 action), against CitiMortgage. Indeed, any claim or issue related to the plaintiff's title is predicated on the validity of CitiMortgage's title, which was questioned in the defendant's third amended complaint in the 2012 action, and could have been resolved in that proceeding. The Superior Court judge entered judgment against the defendant, and he did not appeal. As a result, the defendant's claim in the Housing Court action is precluded by res judicata. See DeGiacomo v. Quincy, 476 Mass. 38, 41 (2016), quoting from Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005) ("Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action").
Nonetheless, the defendant argues that claims related to title and foreclosure are not precluded because they could not have been litigated in the initial Superior Court action decided before the foreclosure process began on June 30, 2016. The problem, however, is that the alleged invalidity of the December, 2011, assignment of the mortgage to CitiMortgage could have been litigated even before the foreclosure began. Given that the defendant was aware of the assignment, openly questioned its validity, and the right of CitiMortgage to foreclose on the defendant's home was fundamental to the defendant's 2012 action, this matter could and should have been litigated in the proceedings prior to the foreclosure. Likewise, the only other challenge specifically discussed in the Housing Court was the 2009 "Home Affordable Modification Program"[3] contract; those claims or issues (as noted by the defendant) were previously adjudicated and decided against the defendant. Accordingly, they are now barred by res judicata. See DeGiacomo, 476 Mass. at 41-42.
Beyond this, the defendant's opposition to summary judgment did not raise any other independent title defect or matter arising out of the foreclosure that could now be litigated.[4] "An issue not raised or argued below may not be argued for the first time on appeal." Carey, 446 Mass. at 285, quoting from Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989) (court deemed issue waived where "plaintiffs never put the judge on notice that they opposed summary judgment on [that] theory"). Specifically, the defendant now argues the foreclosure was void because (1) the foreclosing attorney was not duly authorized; and (2) CitiMortgage otherwise failed to comply with several specific statutory requirements for a valid foreclosure. Because these arguments were not raised in the defendant's opposition to summary judgment, he cannot rely on them now. See Moronta v. Nationstar Mort., LLC, 88 Mass. App. Ct. 621, 626 n.12 (2015) (declining to address mortgagee's arguments on appeal that were not raised below).
We recognize the defendant represented himself before the Housing Court and on appeal. "[A]lthough some leniency is appropriate" in determining whether a pro se litigant complies with procedural requirements, Brossard v. West Roxbury Div. of the Dist. Ct. Dept., 417 Mass. 183, 184 (1994), the defendant "is bound by the same procedural rules applicable to other litigants," Lawless v. Board of Registration in Pharmacy, 466 Mass. 1010, 1011 n.3 (2013). Because these issues were not raised below, there was no opportunity for the parties to develop a record on them and we are without guidance from the Housing Court judge. Accordingly, we are unable to review these issues here, regardless of whether they can be considered in some other forum.[5]
Judgment affirmed.

The defendant's wife, Dawne Brown, did not file a responsive pleading or appear at trial in the Housing Court. As a result, she was defaulted and is no longer a party to this action.

This program is also referred to in the materials before us as the "Home Affordable Mortgage Program."

The only reference to strict statutory compliance in foreclosure proceedings relates specifically to the defendant's already-foreclosed title defect argument.

The plaintiff's request for double costs is denied.